UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JOSEPH BENDORAITIS,  )<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>NATE MCCUE,  )<br>LINDA MITCHELL, and  )<br>KANKAKEE SCHOOL DISTRICT 111,  )<br>sued as Board of Trustees of Kankakee  )<br>School District 111,  )<br>)<br>Defendants.  ) | Case No. 11-2186 |

# REPORT AND RECOMMENDATION

On July 12 2011, Plaintiff Joseph Bendoraitis filed a four count complaint in the Kankakee County Circuit Court against Defendants Linda Mitchell, Nate McCue, and the Kankakee School District 111 Board of Trustees (hereinafter "District" and, collectively, "Defendants"). Counts I and IV are state law claims for intentional interference with prospective economic advantage and defamation per se, respectively. Count II is brought pursuant to 42 U.S.C. § 1983 Count III alleges unlawful retaliation pursuant to Title VII. On July 29, 2011, Defendants filed a Notice of Removal (#1). In the Notice of Removal, Defendants note that all Defendants consented to removal of the case to federal court and that federal jurisdiction is proper based on Plaintiff's allegations under Title VII and § 1983. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1441(c).

Upon the filing of Plaintiff's complaint and Defendant's Notice of Removal, Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(6) (#12). In September 2011, Plaintiff filed Plaintiff's Response to Defendants' Motion to Dismiss (#18). After reviewing the parties'

pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) **(#12)** be **GRANTED** with respect to Counts II and III. The Court recommends that all remaining claims be remanded to state court.

## I. Background

The following background is taken from the allegations in Plaintiff's complaint (#18-1). Plaintiff Joseph Bendoraitis worked as a teacher from August 2008 until he was terminated in May 2010. Defendant Nate McCue was the principal of the school, and Defendant Mitchell was the assistant superintendent for the District. At all relevant times, Plaintiff was an at-will employee. On February 11, 2010, Plaintiff received a satisfactory evaluation of his work from the District, which was signed by Principal McCue. At the end of the 2009-2010 school year, Principal McCue and Superintendent Mitchell decided to terminate Plaintiff's employment with the District.

Plaintiff alleges that the termination occurred May 2010, a few months after Plaintiff attended a school party at Victory Lanes bowling alley in Kankakee. At the party, Principal McCue's wife allegedly grabbed Plaintiff's upper thigh and rubbed his chest. Plaintiff rebuffed her actions by his conduct, which "made it clear . . . that he did not want to pursue any sexual activity with her." (#18-1, p. 2). On or about March 11, 2011, Superintendent Mitchell responded to a questionnaire from Quincy University, a potential employer of Plaintiff, that Plaintiff's quality of work and work ethic needed improvement, even though Superintendent Mitchell had never observed Plaintiff in the classroom.[1] Plaintiff further alleges that

---

[1] Plaintiff does not allege that Principal McCue and Superintendent Mitchell discussed the alleged occurrences at the bowling alley or that Superintendent Mitchell otherwise became aware of the same. Plaintiff also does not allege that Superintendent Mitchell chose to terminate him and provide negative responses to questionnaires as a result of her awareness of the alleged occurrences at the bowling alley.

2

Superintendent Mitchell's "negative, inaccurate, baseless comments" caused him to be deprived of a position at Champaign Central High School, Joliet West High School, Washington Junior High, Thompson Instructional Center, and Plainfield High School.

**II. Standard**

Defendants' motion to dismiss seeks dismissal under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of he case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate only if Plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III. Analysis

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (#12). In their motion, Defendants claim that Plaintiff's complaint states no plausible claim for relief against Defendants in any of the four counts pleaded in the Complaint. With respect to the claims arising under federal law, Defendants argue that:

> (1) Plaintiff fails to state a due process claim under § 1983 in Count II because Plaintiff did not have a protectable interest in either his continued employment at the school or in future employment at a different school and because the law does not recognize a cause of action under § 1983 on a theory of respondeat superior; and
>
> (2) Plaintiff fails to state a claim for retaliation pursuant to Title VII in Count III because Plaintiff has not engaged in statutorily protected activity and has not alleged that he brought a charge with the EEOC, which is a prerequisite to filing a civil action under Title VII.

Plaintiff conceded the latter point in Plaintiff's Response to Defendants' Motion to Dismiss (#18, p. 9). However, Plaintiff then signaled his intention to seek leave to amend his complaint in order to bring a claim for retaliation under § 1983 relating to Plaintiff's First Amendment right to freedom of speech.

Thus, the issues this Court must address are: 1) whether Plaintiff's due process claim under § 1983 plausibly entitles him to relief; and 2) whether, in light of Plaintiff's intention to file a motion to amend his complaint to add a First Amendment retaliation claim under § 1983, such an amendment would nevertheless be futile.

*1. Does Plaintiff's due process claim under § 1983 plausibly entitle him to relief?*

To adequately allege a plausible procedural due process deprivation of a property right, plaintiff must allege facts that plausibly indicate: 1) he had a cognizable property interest, 2) he was deprived of that property interest, and 3) he was denied due process. *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004). The Complaint alleges that the Defendants violated Plaintiff's due process rights both by denying him continued employment at the school and by preventing

4

him from obtaining future employment at other schools. As these two issues involve distinct considerations and analysis, they are analyzed separately.

*A. Continued Employment*

Since Plaintiff was, at all relevant times, an at-will employee of Defendants' school, the issue before the court is whether an at-will employee may plausibly be entitled to relief for being deprived of continued employment without due process of law. In order to determine whether an individual has a substantive property interest in his current employment, the court looks to state law. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). Under Illinois law, "a person has a property interest in his job where he has a legitimate expectation of his continued employment based on a legitimate claim of entitlement[,]" which is established when a plaintiff can "show a specific ordinance, state law, contract or understanding limiting the ability of a state or state entity to discharge him." *Id.* Illinois courts have had occasion to consider claims made by at-will employees and have consistently held that such claims fail to plausibly state a claim that the plaintiff is entitled to relief. *Burke v. Chi. Sch. Reform Bd. of Trs.*, 169 F.Supp.2d 843 (N.D. Ill. 2001). The courts maintain that, in such cases, the at-will employee cannot demonstrate that he has a constitutionally protected property interest in continued employment.

In this instance, Plaintiff has not alleged that there was any such law, state or local, or any other binding agreement limiting the school's ability to discharge him. Instead, Plaintiff cites *Phelan v. City of Chi.*, 347 F.3d 679, 681 (7th Cir. 2003) for the proposition that an at-will employee who is "in career service" may nevertheless be able to demonstrate that he has a protected property interest in his employment. Despite Plaintiff's suggestion that he was plausibly a career service employee, the court's opinion in *Phelan* should not be interpreted as creating an exception for at-will employees in career service. The court in *Phelan* was merely analyzing the plaintiff's claim that a provision in the municipal code of Chicago that made reference to "employees in career service" gave rise to a protectable property interest in his at-will employment. *Id.* As such, the court's discussion is appropriately characterized as a discussion of a specific ordinance limiting the ability of a state or state entity to discharge Phelan. *See Rujawitz*,

561 F.3d at 688. This case is distinguishable from *Phelan* in that Plaintiff has not alleged that any applicable ordinance, state law, or contract created a protectable property interest in his employment.[2] In the absence of such a showing, Plaintiff has not made a plausible claim for relief under § 1983 for unlawful deprivation of his right to continued employment without due process of law.

*B. Future Employment*

Plaintiff also asserts that, as a result of comments allegedly made by Superintendent Mitchell, he was deprived of future employment opportunities at other schools without due process and in violation of his Fourteenth Amendment rights. Since Plaintiff seeks recovery under § 1983, he must allege facts that indicate that he plausibly had a cognizable property interest in the alleged prospective employment opportunities, of which he was deprived without due process. Illinois courts have had occasion to address similar issues and have held that, in order to assert that a person has a cognizable property interest in employment, a person " 'must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Kennedy v. Cmty. Unit Sch. Dist. No. 7*, 319 N.E.2d 243, 385 (Ill. App. Ct. 1974) (citing *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972)); see also *Crim v. Bd. of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535 (7th Cir. 1998). The Seventh Circuit has held that a plaintiff must prove that there was a "mutually explicit understanding" between the parties in order to show that there was a reasonable expectation of employment. *Crim*, 147 F.3d at 545. For this reason, employees have no cognizable protectable property interest in prospective promotions or in employment related to a conditional offer for the position. *Moore v. Muncie Police & Fire Merit Comm'n*, 312 F.3d 322 (7th Cir. 2002).

---

[2] The municipal code in *Phelan* does not reach Plaintiff's claim because it is a local Chicago law, and neither the school at which Plaintiff worked nor the District are located in Chicago.

Plaintiff in this case merely alleges that he "was not offered a position" at the schools that had interviewed him. (#18-1, p. 4). He has not alleged that he had any legitimate entitlement to any of those positions or that there was a mutually explicit understanding between him and any of the schools at which he interviewed that he was or soon would be employed by them. Absent such allegations, Plaintiff has not indicated that he plausibly had a protectable interest in future employment. Since "the lack of a protected property interest is fatal to a substantive due process claim," Plaintiff has not shown that he is plausibly entitled to relief under § 1983 for violation of his Fourteenth Amendment rights. *See Gen. Auto Serv. Station v. City of Chi.*, 526 F.3d 991, 1002 (7th Cir. 2008)

*2. Would Plaintiff's proposed amendment to his complaint to add a claim under § 1983 for First Amendment retaliation be futile?*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Court, however, has "broad discretion to deny leave to amend . . . where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)). In light of Plaintiff's intention to file an amended complaint to add a First Amendment retaliation claim, the Court must consider whether such an amendment would nevertheless be futile.

To succeed making a prima facie showing of First Amendment retaliation, Plaintiff must prove that (1) his speech was constitutionally protected; (2) he suffered a deprivation that would likely deter protected speech; and (3) the protected speech was at least a motivating factor in the defendants' actions. *Swearnigen-El v. Cook Cnty. Sheriff's Dept.*, 602 F.3d 852, 861 (7th Cir. 2010). Speech is constitutionally protected under the First Amendment when it is made by a private citizen to address a matter of public concern, as evidenced by the content, form, and context of the statement. *Connick v. Meyers*, 461 U.S. 138, 147–48 (1983). *See also Kyle v. Morton High Sch. Dist. 201*, No. 96-7584, 1997 WL 222870, at *3 (N.D. Ill. April 24, 1997). Generally, a mere personal grievance communicated by an employee is not considered to be a matter of public concern. *Connick*, 461 U.S. at 147. Instead, the speech must address "matters in

7

which the public might be interested as distinct from wholly personal grievances . . . ." *Dishnow v. Sch. Dist. of Rib Lake*, 77 F.3d 194, 197 (7th Cir. 1996).

It is clear, from Plaintiff's Complaint, that Plaintiff's alleged speech addressed a matter of personal concern. The speech for which Plaintiff seeks constitutional protection is that he "made it clear by his conduct that he did not want to pursue any sexual activity with [Ms. McCue]." (#18-1, p. 2). The exact content of the speech is unclear, but the form and context of the speech consisted of Plaintiff's "conduct" at a social gathering that took place in a bowling alley. Nothing in Plaintiff's allegations would lead this Court to rationally construe Plaintiff's speech as somehow intended to address a matter of public concern. Since Plaintiff's speech was a mere personal grievance and was not intended to address a more general issue of interest to the public, Plaintiff would not, on this set of facts, be able to allege that he is plausibly entitled to relief for First Amendment retaliation. As a result, the Court believes that any attempt by Plaintiff to amend his complaint to add such a claim would be futile.

### IV. Summary

Viewing the record in the light most favorable to Plaintiff, this Court finds that Plaintiff is unable to plausibly allege that he had a protectable property interest in continued employment with the school or in any of the employment opportunities allegedly available at the schools at which he interviewed. Consequently, Plaintiff would not plausibly be entitled to relief under § 1983 for deprivation of property without due process under the Fourteenth Amendment. The Court also notes that Plaintiff's intended amendment to his complaint to add a claim under § 1983 for First Amendment retaliation would be futile as his alleged speech did not address a matter of public concern. Therefore, this Court recommends that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) **(#12)** be **GRANTED** with respect to Counts II and III. The Court recommends that all remaining claims may be remanded to state court.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 5th day of December, 2011.

                                                            s/ DAVID G. BERNTHAL
                                                            U.S. MAGISTRATE JUDGE